# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

======================================
MICHAEL GROSS individually and
on behalf of all others similarly situated

                        Plaintiff,


            -against-


RELIN, GOLDSTEIN & CRANE, LLP


                        Defendant.

======================================

## CLASS ACTION COMPLAINT

### *I.    Introduction*

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

1.    Plaintiff Michael Gross brings this action to secure redress from unlawful collection practices engaged in by Defendant Relin, Goldstein & Crane, LLP. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2.    The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

### II.    Parties

3.    Plaintiff is a citizen of the State of New York who resides within this District.

4.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

5.    Upon information and belief, Defendant's principal place of business is located in Rochester, New York.

6.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### III.    Jurisdiction and Venue

8.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### IV.    Allegations

10.    Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11.    On or about June 17, 2016, Relin, Goldstein & Crane, LLP sent a collection letter to the Plaintiff Michael Gross. (see attached exhibit)

12.    The said letter was an effort to collect on a consumer debt.

13.    The said collection letter was confusing to the Plaintiff and is likely to be misconstrued by the "least sophisticated consumer" since it is open to more than one reasonable interpretation, at least one of which is inaccurate.

14.    The Second Circuit stated in <u>Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 74 (2d Cir. 2016)</u>

> "The question presented is whether a collection notice that states a consumer's "current balance," but does not disclose that the balance <u>may</u> increase due to interest and fees, complies with this provision. We hold that Section 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance <u>may</u> increase due to interest and fees."

15.    The holding of the Second Circuit is that Section 1692e of the FDCPA requires every debt collector in every collection letter "to disclose that the balance <u>may</u> increase due to interest and fees".

16.    However if the "account balance" will never increase and the holder of the debt will <u>always</u> accept payment of the amount set forth in full satisfaction of the debt then the Second Circuit alternatively stated:

> "We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance <u>may</u> increase due to interest and fees if the collection notice *either* accurately informs the consumer that the amount of the debt stated in the letter <u>will</u> increase over time, *or* clearly states that the holder of the debt <u>will</u> accept payment of the amount set forth in full satisfaction of the debt." Id. at 817.

17.    The Second Circuit in *Avila* did not "hold that a debt collector must use any particular disclaimer" *Id.*

18.    However the Second Circuit did address all the possible scenarios: 1) If the "current balance" <u>could</u> increase over time, then the collection notice must disclose

that the "balance _might_ increase due to interest and fees". _Id._ 2) If the "current balance" is _currently_ increasing, then the collection notice must disclose that the amount of the debt stated, "in the letter _will_ increase over time". _Id._ 3) If the "current balance" will never increase and the debt collector is always willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must state so clearly. However, if a debt collector is willing to accept a "specified amount" in full satisfaction of the debt _only_ if payment is made by a specific date, then the debt collector must simplify the consumer's understanding by so stating, while advising that the amount due _could_ increase by the accrual of additional interest or fees if payment is not received by that date.

19.    In this case, the "Balance Due" would increase over time due to undisclosed fees.  Nevertheless, the collection notice did not disclose that the amount of the debt stated in the letter "could" or "will" increase over time.

20.    Though the June 17, 2016 letter listed a "Balance Due" and demanded payment in full, the letter did not state on which date the "Balance Due" was calculated, and did not explain that other charges would continue to accrue on the unpaid principal; thus, the Plaintiff's total balance might be greater on the date she makes a payment.

21.    A reasonable consumer could read the notice and be misled into believing that he or she could always pay his or her debt in full by paying the amount listed on the notice.

22.    Yet in reality, the "Balance Due" was not static as represented by a summons and complaint which was filed against Ms. Gross in Civil Court, which

demanded the "the sum of $12,424.66, together with costs and disbursements of this action."

23.     Since there are undisclosed costs, disbursements and fees, a consumer who pays the "Balance Due" stated on the notice will not know whether the debt has been paid in full.

24.     The debt collector could still seek the fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

25.     The statement of a "Balance Due," without notice that the amount could increase over time, or already increasing due to other charges, would mislead the least sophisticated consumer into believing that payment of the amount stated will clear his or her account.

26.     The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest or fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

27.     Collection notices that state only the "Balance Due," but do not disclose that the balance might increase due to interest or fees, are "misleading" within the meaning of Section 1692e.

28.     Although the said June 17, 2016 letter stated an amount due and demanded payment in full, the letter also failed to disclose to the Plaintiff that the debt

could accrue additional charges over time.

29.     Upon receiving the said June 17, 2016 letter, the Plaintiff was uncertain whether the amount due was static as there was no disclosure or admonition indicating otherwise.

30.     A debtor who pays the "Balance Due" stated in the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

31.     The June 17, 2016 letter would cause the unsophisticated consumer uncertainty and force him or her to guess how much money he or she allegedly owed to the Defendant, how much money would accrue daily on the consumer's alleged debt, how much additional money he or she would owe if the consumer paid the amount demanded in the said letter, and if or when the Defendant's collection efforts would actually discontinue if the consumer remitted "Balance Due" that the Defendant demanded.

32.     The said letter fails to include <u>any</u> of the safe harbor language set out by the Second Circuit.

33.     The Plaintiff was left unsure whether the "Current Balance" would accrue any type of fees, costs and/or disbursements as there was no disclosure that indicated otherwise.

34.     If the "Current Balance," will never increase and the debt collector is always willing to accept this "specified amount" in "full satisfaction" of the debt, then the debt collector must clearly state that the holder of the debt will <u>always</u> accept payment

of the amount set forth in "full satisfaction" of the debt.

35.    Defendant was required to include a disclosure that the debt may increase over time, or in the alternative, the Defendant was required to disclose that the creditor will always accept this "specified amount" in "full satisfaction" of the debt nonetheless it did not make any of those "safe harbor" disclosures in violation of 1692e.

36.    Requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable, but mistaken belief that timely payment will satisfy their debts and it protects them from other debt collectors seeking undisclosed charges on this debt over time.

37.    The letter further stated "The Amount Due above reflects the total balance due as of the date of this letter. The itemization reflects the post charge-off activity we received from American Express Bank, FSB and as such is subject to timing and system limitations."

38.    Such language further confuses the least sophisticated consumer as he or she is left unsure as to the meaning of "timing and system limitations."

39.    The said letter failed to accurately state the account balance in accordance with 1692g of the FDCPA.  *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 216 (2d Cir. 2017) ) ("But a statement is incomplete where, as here, it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future")

40.     15 U.S.C. § 1692g of the FDCPA provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-

(1) the amount of the debt.

41.     The Defendant failed in the said letter, to properly disclose the amount of the debt, causing the Plaintiff to be uncertain of him rights and leaving him utterly confused as to the total amount she owes now and or in the future.

42.     15 U.S.C. § 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

the character, amount, or legal status of any debt; or

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

43.     The said letter is a standardized form letter.

44.     On information and belief, the Defendant's collection letters, such as the said June 17, 2016 collection letter, number in the hundreds.

45.     The Plaintiff alleges and avers that Defendant's June 17, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

46.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

47.    Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

48.    The Plaintiff alleges and avers that Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

49.    The Plaintiff alleges and avers that Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

50.    The Plaintiff alleges and avers that Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

51.    The Plaintiff alleges and avers that Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

52.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Plaintiff alleges and avers that Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

53.    These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

54.    Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and

acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## V.    Class Allegations

55.    This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

56.    The identities of all class members are readily ascertainable from the records of Relin, Goldstein & Crane, LLP and those business and governmental entities on whose behalf it attempts to collect debts.

57.    Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Relin, Goldstein & Crane, LLP, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

58.    There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

59.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

60.    The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the

Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

61.   This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)   **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)   **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c)   **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)   **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)        **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

62.        Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

63.        Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

64.        Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

65. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VI.    First Cause of Action

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. This cause of action is brought on behalf of Plaintiff and the members of a class of whom Defendant's records reflect resided in the State of New York:

    a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;

    b) the collection letter was sent to a consumer seeking payment of a personal debt;

    c) the collection letter was not returned by the postal service as undelivered;

    d) the Plaintiff alleges and avers that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

## VII.    Violations of the Fair Debt Collection Practices Act

68. The Defendant's actions as set forth above in the within complaint violates the FDCPA.

69.     Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

70.     As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### VIII.    Jury Demand

71.     Plaintiff demands a trial by jury.

### IX.    Prayer for Relief

72.     Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

1)  Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

2)  Attorney fees, litigation expenses and costs of suit;

3)  An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities; and

4)  Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
   May 23, 2017


/s/ David Palace_____
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

Relin, Goldstein & Crane, LLP
28 East Main Street, Suite1800
Rochester, NY 14614-1991
Phone: (585) 325-6202 Fax: (585) 325-6201

June 17, 2016

Michael Gross
3315 Avenue L
Brooklyn, New York 11210

Creditor: American Express Bank, FSB
Account Number Ending In:  XXXXXXXXXX71005
Balance Due: $12,424.66
Our File Number [Redacted] 79

Dear Michael Gross:

This Law Firm has been retained by American Express Bank, FSB to help collect your balance.  As of the letter date above, you owe $12,424.66.

In accordance with NY State regulatory requirements, please be advised of the following:

Original Creditor:  American Express Bank, FSB
Total due as of charge off:  $12,424.66
Total interest accrued since charge off:  $0.00
Total non-interest charges or fees
accrued since charge off:  $0.00
Total Payments made since charge off:  $0.00

The Amount Due above reflects the total balance due as of the date of this letter. The itemization reflects the post charge-off activity we received from American Express Bank, FSB and as such is subject to timing and system limitations.

Please contact us between the hours of 8am – 5pm, Monday through Friday at 800-203-9552 to resolve your balance.

The above-referenced matter has been listed with our office for collections.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt be valid.  If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

Joseph M. Shur

**CONSUMER CREDIT TRANSACTION: CREDIT CARD DEBT**

**IMPORTANT!! YOU ARE BEING SUED!! THIS IS A COURT PAPER- A SUMMONS DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY!! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHED). IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!!**

STATE OF NEW YORK
CITY OF NEW YORK CIVIL COURT        COUNTY OF KINGS

American Express Bank FSB
4315 South 2700 West
Salt Lake City, UT 84184,
                                    Plaintiff(s),

<u>SUMMONS</u>    012806/16
Index No.:
Date Purchased:    8/4/16

Plaintiff(s) designate(s) KINGS
County as the place of trial
The basis of the venue is
DEFENDANT'S LOCATION

                    -vs-

Michael Gross
3315 Avenue L
Brooklyn, New York 11210,

_____    Defendant(s).

To the above named Defendant(s):
        YOU ARE HEREBY SUMMONED to appear in the Civil Court of the City of New York, County of KINGS at the office of the Clerk of the said Court at 141 Livingston Street, in the County of KINGS, City and State of New York, within the time provided by law as noted below and to file your answer to the annexed complaint with the Clerk; upon your failure to answer, judgment will be taken against you for the sum of $12,424.66, together with the costs of this action.

Dated:  July 18th, 2016

                        RELIN, GOLDSTEIN & CRANE, LLP
                        Josh Siliano, Esq.
                        Attorney(s) for Plaintiff
                        Office and Post Office Address
                        28 East Main Street, Suite 1800
                        Rochester, NY 14614
                        (585) 325-6202

**NOTE**: The law provides that:

(a) If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY (20) days after such service; or

(b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY (30) days after the proof of service thereof is filed with Clerk of this Court within which to appear and answer.

12247

The law further provides that:

    (c) Where a defendant appears by an attorney, a copy of his answer shall be served upon the plaintiff's attorney, or upon the plaintiff if the plaintiff appears in person, at or before the time of filing the original answer with proof of service thereof.

    (d) In any action arising from a consumer credit transaction, if the form of the summons provided for in subdivision (b) of this section is used:

        (1) the summons shall have prominently displayed at the top thereof the words **CONSUMER CREDIT TRANSACTION** and the following additional legend or caveat printed in not less than 12- point bold upper case type:

**IMPORTANT!! YOU ARE BEING SUED!! THIS IS A COURT PAPER- A SUMMONS DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY!! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHED). IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO PAY OTHER COSTS TOO!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER BRING THESE PAPERS TO THIS COURT RIGHT AWAY.  THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!!**

        (2) where a purchaser, borrower or debtor is a defendant, the summons shall have set forth beneath the designation of the basis of venue the county of residence of a defendant, if one resides within the State, and the county where there the consumer credit transaction took place, if it is within the State.

        (3) The summons also shall contain a translation in Spanish as follows:

**TRANSACCION DE CREDITO DEL CONSUMIDOR**

**¡IMPORTANTE! USTED. HA SIDO DEMANDADO! ESTE ES UN DOCUMENTO LEGAL-UNA CITACIÓN. ¡NO LA BOTE! ¡CONSULTE CON SU ABOGADO ENSEGUIDA! LE PUEDEN QUITAR PARTE DE SU SALARIO (EMBARGARLO). ¡SI UD. NO SE PRESENTA EN LA CORTE CON ESTA CITACIÓN LE PUEDEN CONFISCAR SUS BIENES (PROPIEDAD) Y PERJUDICAR SU CREDITO! ¡TAMBIEN ES POSIBLE QUE TENGA QUE PAGAR OTROS GASTOS LEGALES! SI UD. NO TIENE DINERO PARA UN ABOGADO TRAIGA ESTOS PAPELES A LA CORTE IMMEDIATAMENTE.  VENGA EN PERSONA Y EL SECRETARIO DE LA CORTE LE AYUDARA.**

STATE OF NEW YORK
CITY OF NEW YORK CIVIL COURT     COUNTY OF KINGS

American Express Bank FSB
4315 South 2700 West                                       Account No.: XXXXXXXXXX71005
Salt Lake City, UT 84184,

                                    Plaintiff(s),      **VERIFIED**
                                                       **COMPLAINT**

        -vs-

Michael Gross
3315 Avenue L
Brooklyn, New York 11210,

_____     Defendant(s).  _____

**THIS IS AN ATTEMPT TO COLLECT A DEBT, ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Plaintiff for its complaint against the Defendant(s) herein, alleges as follows:

**FIRST**:  Plaintiff is a federal savings bank organized under the laws of the United States, having a place of business in the County of Salt Lake, State of Utah.

**SECOND**:  That Plaintiff is not a collection agency within the meaning of CPLR § 3015(e) and that any and all indebtedness between Plaintiff and Defendant(s) arose by Plaintiff loaning monies to the Defendant(s) directly and therefore, Plaintiff is not required to obtain a license pursuant to CPLR § 3015(e).

**THIRD**:   Upon information and belief, the Defendant(s) is a resident of the County of KINGS, State of New York.

**AS AND FOR A FIRST CAUSE OF ACTION, PLAINTIFF ALLEGES:**

**FOURTH**:  Upon information and belief, that heretofore and within six years last past, at the specific instance and request of the Defendant(s), plaintiff loaned certain monies to defendant(s) in the amount of $12,424.66, on the account ending in 71005, and although duly demanded, no part of said sum has been paid by Defendant(s) to Plaintiff.

**AS AND FOR A SECOND CAUSE OF ACTION, PLAINTIFF ALLEGES:**

**FIFTH**:  Repeats and re-alleges the allegations contained in paragraphs "FIRST" through "FOURTH" above.

**SIXTH**: An account has been stated between the parties; the Plaintiff has rendered a true and accurate statement of the account ending in 71005 to the Defendant(s), who has received and retained same without due objection.

**WHEREFORE**, Plaintiff demands judgment against the Defendant(s) in the sum of $12,424.66, together with the costs and disbursements of this action.

Dated:  July 18th, 2016

RELIN, GOLDSTEIN & CRANE, LLP
Josh Siliano, Esq.
Attorneys for Plaintiff
Office & P. O. Box Address
28 East Main Street – Suite 1800
Rochester, NY 14614
(585) 325-6202

## ATTORNEY'S VERIFICATION BY AFFIRMATION

STATE OF NEW YORK
COUNTY OF MONROE) SS:

I, the undersigned, am an attorney admitted to practice in the Courts of the State of New York and I am the attorney of record, or of counsel with the attorney(s) of record for Plaintiff.

I have read the annexed Verified Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: Correspondence, memoranda and statements of account in deponent's possession.

The reason I make this affirmation instead of Plaintiff is because an officer of Plaintiff is not within the County of Monroe and deponent is one of the attorneys for said corporation.

I affirm that the foregoing statements are true under penalties of perjury.

Date:   July 18th, 2016

RELIN, GOLDSTEIN & CRANE, LLP
Josh Siliano, Esq.
Attorneys for Plaintiff
Office & P. O. Box Address
28 East Main Street –Suite 1800
Rochester, NY 14614
(585) 325-6202

Michael Gross
3315 Avenue L
Brooklyn, New York 11210

**CIVIL COURT CITY OF NEW YORK**
**TRIBUNAL CIVIL DE LA CIUDAD DE NUEVA YORK**
**COUNTY OF KINGS**                                INDEX (LIBRO) NO.

Plaintiff/Demandante:  <u>American Express Bank FSB</u>

Defendant/Demandado:  <u>Michael Gross</u>

ATTENTION: A SUMMONS AND COMPLAINT HAS BEEN FILED ON A CONSUMER CREDIT
TRANSACTION ASKING THE COURT TO RENDER A JUDGMENT AGAINST YOU.  YOU MAY
WISH TO CONTACT AN ATTORNEY.  YOU MUST ANSWER AT THE LOCATION AND
WITHIN THE TIME SPECIFIED ON THE SUMMONS.  IF YOU DO NOT APPEAR IN COURT
THE COURT MAY GRANT A JUDGMENT AGAINST YOU.  IF A JUDGMENT IS GRANTED
AGAINST YOU YOUR PROPERTY CAN BE TAKEN.  PART OF YOUR PAY CAN BE TAKEN
FROM YOU (GARNISHED), AND YOUR CREDIT RATING CAN BE AFFECTED.

<u>IF YOU HAVE NOT RECEIVED THE SUMMONS AND COMPLAINT GO TO THE CIVIL COURT
CLERK'S OFFICE SPECIFIED ON THE RETURN ADDRESS AND BRING THIS NOTICE WITH
YOU.</u>

ATENCION:  BASADO EN UNA TRANSACCION DE CREDITO AL CONSUMIDOR, SE HA
SOMETIDO UNA QUERELLA Y UNA CITACION JUDICIAL ANTE EL TRIBUNAL CIVIL,
SOLICITANDO QUE SE EMITA UN FALLO JUDICIAL EN CONTRA SUYA, POR LO QUE
USTED QUERRA COMUNICARSE CON UN ABOGADO.  USTED TIENE QUE SOMETER UNA
RESPUESTA ANTE EL TRIBUNAL, EN EL LUGAR Y EL MOMENTO INDICADO EN LA
CITACION.  SI NO COMPARECE ANTE EL TRIBUNAL, SE PUEDE EMITIR UN FALLO
JUDICIAL EN SU CONTRA.  DE SER ASI, SUS PERTENENCIAS PUEDEN SER EMBARGADAS,
PARTE DE SU SALARIO PUEDE SER EMBARGADO Y LA CLASIFICACION DE SU CREDITO
PUEDE SER AFECTADA NEGATIVAMENTE. <u>SI NO HA RECIBIDO LA CITACION Y LA
QUERELLA.  DIRIJASE AL DESPACHO DEL SECRETARIO JUDICIAL INDICADO EN LA
DIRECCION DEL REMITENTE Y TRAIGA ESTA NOTIFICACION CON USTED.</u>